IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PROGENIKA BIOPHARMA, S.A., and GRIFOLS DIAGNOSTIC SOLUTIONS INC., <br><br> Plaintiffs, <br><br> v. <br><br> KARRINGTON CLINCAL LABORATORY, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) C.A. No. 24-1281 (MN) ) ) ) ) ) ) |

## MEMORANDUM ORDER

At Wilmington, this 14th day of May 2025;

WHEREAS, on November 21, 2024, Plaintiffs Progenika Biopharma, S.A., and Grifols Diagnostic Solutions Inc. ("Plaintiffs") filed a complaint for breach of contract against Defendant Karrington Clinical Laboratory, LLC ("Defendant"), (D.I. 1), a copy of which was duly served on Defendant on November 22, 2024 (D.I. 9);

WHEREAS, Defendant did not answer the complaint, move to dismiss, or otherwise appear (*see* D.I. 14 ¶¶ 3, 29, 30);

WHEREAS, on December 18, 2024, Plaintiffs filed a Request for Entry of Default as to Defendant, (D.I. 10), a copy of which was duly served on Defendant on December 23, 2024, (D.I. 11);

WHEREAS, on January 21, 2025, the Clerk of Court entered a Clerk's Entry of Default as to Defendant, (D.I. 12), a copy of which was duly served on Defendant on January 23, 2025, (D.I. 13);

WHEREAS, on February 14, 2025, Plaintiffs filed a motion for default judgment, (D.I. 14), a copy of which was duly served on Defendant on February 17, 2025, (D.I. 15); and

WHEREAS, Defendant has neither responded to the motion nor taken any other action in this case to date. (*See* D.I. 14 ¶¶ 3, 29, 30).

THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for default judgment against Defendant (D.I. 14) is **GRANTED**.

2. "Entry of default judgment is a two-step process." *Tristrata Tech., Inc. v. Med. Skin Therapy Research, Inc.*, 270 F.R.D. 161, 164 (D. Del. 2010). First, the plaintiff must request that the Clerk of Court enter a default against the defendant that has failed to answer the pleading or otherwise defend itself in the action. *Id.*; Fed. R. Civ. P. 55(a). After default has been entered by the Clerk, a plaintiff may obtain a default judgment. Fed. R. Civ. P. 55(b); *Talley v. Clark*, 111 F.4th 255, 262 n.2 (3d Cir. 2024). If the plaintiff seeks relief in the form of a sum certain, it may obtain a default judgment from the Clerk. Fed. R. Civ. P. 55(b)(1); *PPG Indus. Inc v. Jiangsu Tie Mao Glass Co. Ltd*, 47 F.4th 156, 161 (3d Cir. 2022). Otherwise, "the party seeking default judgment must apply to the court for an entry of default judgment." *Tristrata*, 270 F.R.D. at 164.

3. Courts have discretion over whether to enter a default judgment in a particular case. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). The Court considers three factors in determining if default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). For purposes of that determination, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *PPG Indus.*, 47 F.4th at 161 (citation omitted). With respect to damages, the plaintiff must prove its entitlement to the award it seeks. *Id.*

4.  As to the first factor, the Complaint asserts a claim for breach of contract.[1] (D.I. 1). It plausibly alleges (1) a contract between the parties dated April 10, 2019 ("the Supply Agreement"), (2) a breach by Defendant for failure to pay two valid invoices dated March 15 and April 10, 2023, and (3) resulting damages to Plaintiffs of $665,335.59 in principal, plus running interest.[2] (D.I. 1 ¶¶ 11-25 & Exs. A-B). Taking the Complaint's allegations as true, Plaintiff "would suffer prejudice by being deprived of the recovery of a significant sum of money." *Insight Invs., LLC v. Bos. Mkt. Corp.*, No. 23-1077 (GBW), 2024 WL 1637320, at *3 (D. Del. Apr. 16, 2024).

5.  Second, to date, Defendant has asserted no defense and taken no action in this case. (*See* D.I. 14 ¶¶ 3, 29, 30). Therefore, "[i]t is not apparent that [Defendant] has a litigable defense given its failure to respond to the action." *J & J Sports Prod., Inc. v. M&I Hosp. of Delaware Inc.*, No. 15-353 (MN), 2018 WL 6040254, at *2 (D. Del. Nov. 19, 2018); *Skeway v. China Nat. Gas, Inc.*, No. 10-728 (RGA), 2015 WL 451435, at *1 (D. Del. Jan. 30, 2015).

6.  Third, Defendant has been served but nonetheless has not appeared or participated in the case. It "has no reason for its failure to abide by the parties' contracts, nor any excuse for its failure to appear." *Insight*, 2024 WL 1637320, at *3. Accordingly, "it can be inferred that the 'delay is due to culpable conduct.'" *M&I Hosp.*, 2018 WL 6040254, at *2 (quoting *Skeway*, 2015 WL 451435, at *1). Accordingly, a default is warranted.

---

[1]  Because the Court finds that Plaintiffs state a claim for breach of contract, it need not consider the viability of Plaintiffs' alternative theories of unjust enrichment and breach of the implied covenant of good faith and fair dealing.

[2]  As of the date of the Complaint, November 11, 2024, that interest was alleged to be $109,694.62. (*See* D.I. 1, Ex. B). As of January 25, 2025, the day after the default was entered, the accrued interest reached $121,364.10. (*See* D.I. 14, Ex. 7). That latter figure remains the most up-to-date figure provided to the Court, and, thus, the one used herein.

7.  As to damages, the Complaint alleges that Defendant's breach of the Supply Agreement has resulted in $665,335.59 in unpaid invoices and $121,364.10 in interest (as of January 22, 2025), for a total of $786,719.69. (D.I. 1 ¶¶ 11-25; D.I. 14 ¶¶ 10-11, 32, 40 & Ex. 7). In support, Plaintiffs submitted outstanding invoices, demand letters, and interest calculations. (*Id.* Exs. B-G). That evidence is uncontroverted. Thus, the Court finds that damages of $786,719.69 are appropriate.[3] *See Insight*, 2024 WL 1637320, at *3.

8.  Finally, Plaintiffs move for an award of attorneys' fees. They acknowledge by implication that there is no cost-shifting provision in the Supply Agreement but argue that they are still entitled to fees due to "extraordinary circumstances." (D.I. 14 ¶ 49 (citing *DeMatteis v. RiseDelaware Inc.*, 315 A.3d 499, 508 (Del. 2024)). According to Plaintiffs, Defendant engaged in bad faith, dilatory tactics. (D.I. 14 ¶ 49). Plaintiffs point to their debt collection attempts in 2024, unsuccessful settlement negotiations with Defendant, and that Defendant pulled out of the JAMS arbitration prescribed by the Supply Agreement. (*Id.* ¶¶ 50-52). None of this rises to the level of exceptional circumstances, bad faith, or other frivolous conduct that would warrant the award. *See M&I Hosp.*, 2018 WL 6040254, at *5. Indeed, if engaging in settlement discussions that never bore fruit by itself constituted bad faith, most litigants would be on the hook for fees.

---

[3] The Complaint additionally alleges that Defendant is liable for $3,000 in fees related to the JAMS arbitration. (D.I. 1 ¶¶ 26-35). Neither Plaintiffs' Motion for Default Judgment nor its Proposed Order Entering Default Judgment appear to factor this into the damages calculation, however, as they only ask for $786,719.69 – the sum of the invoices plus interest. (*See* D.I. 14 ¶¶ 32, 40 & Ex. 7; D.I. 14-3 ¶ 2). Thus, it is not clear from the face of the Complaint whether Plaintiffs lost their $3,000 arbitration fee or whether it was returned upon closure of the JAMS arbitration, and Plaintiffs have offered no proof on that score in their Motion for Default Judgment. Accordingly, the Court does not include that $3,000 in its damages finding.

Thus, Plaintiffs' request for attorneys' fees is denied.[4]  Plaintiffs may, however, move for costs. *See* Fed. R. Civ. P. 54(d)(1).

9.  Default Judgment will be entered against Defendant in the amount of $786,719.69. Plaintiffs are additionally entitled to post-judgment interest at a rate of 4.02%, to be calculated from the date of the judgment through the date of actual collection.  *See* 28 U.S.C. § 1961(a) ("Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.").

IT IS FURTHER ORDERED that Plaintiff shall mail a copy of this Memorandum Order and accompanying Default Judgment to Defendant and shall file a certificate of service evidencing same.

_____
The Honorable Maryellen Noreika
United States District Judge

---

[4] Moreover, although Plaintiffs submitted a "summary" of legal invoices, (*see* D.I. 14-2, Ordubegian Decl. ¶ 14 & Ex. 1), they have not "provided the Court with an itemized statement of attorneys' fees and other expenses incurred." *Tristrata*, 270 F.R.D. at 165.